**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>German Santillanes<br>a/k/a/ Galileo Hermes,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER ADOPTING REPORT AND RECOMENDATIONS**<br><br>Case No. 3:26-cr-86 |

Pro se Defendant German Santillanes moves to dismiss under speedy trial (Doc. 68) and for government misconduct (Doc. 82). Santillanes also moves to suppress evidence. Doc. 87. United States Magistrate Judge Alice R. Senechal filed a Report and Recommendation on the motions. Doc. 108. She recommends denying the motions, stating:

> Under the Speedy Trial Act, reasonable delay is excusable "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." [Santillanes] has cited no authority holding continuation of trial based on the codefendant's motion violated his rights under the Speedy Trial Act.
>
> [Santillanes] has not alleged actions that could be considered to constitute government misconduct.
>
> [Santillanes'] motion does not identify evidence he seeks to have suppressed. Nor has he alleged any unlawful search or seizure . . . In the view of the United States, [Santillanes] has not met the initial burden of showing a factual nexus between an alleged constitutional violation and the evidence he seeks to suppress. This court agrees and [recommends Santillanes'] motion to suppress . . . be denied.

Id. (citations omitted). Objections to the Report and Recommendation were due by October 7, 2026. Id. Santillanes filed an objection to Judge Senechal's recommendation to deny the motion to dismiss under speedy trial. Doc. 112 at 6. Specifically, he argues he "did not consent to any

continuances, I specifically told [counsel] I wanted a speedy trial and did not waive my rights nor did I sign any waiver to continuance of a speedy trial." Id.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." United States v. Ceron, No. 2:15-CR-55, 2019 WL 3161785, at *1 (D.N.D. July 15, 2019) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).

Santillanes' speedy trial objection is without merit. He fails to persuade the Court that continuation based on his codefendant's motion violated his rights under the Speedy Trial Act. Santillanes recites the Barker v. Wingo factors, 407 U.S. 514 (1972), and posits no argument as to any factor. After reviewing Santillanes' objection and the record, the Court agrees with Judge Senechal that the motion to dismiss based on speedy trial be denied.

The Court has spent considerable time reviewing the motion, the Report and Recommendation, Santillanes' objection, and the record. The Report and Recommendation is legally sound and persuasive. So, the Court **ADOPTS** the Report and Recommendation (Doc. 108) in its entirety. Santillanes' motion to suppress (Doc. 87) is **DENIED**. Santillanes' motions to dismiss (Docs. 68; 82) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court